UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PAGE, | CASE NO. 1:10-cv-01186-SKO |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS RAMIREZ AND LOPEZ |
| v. | |
| LYDIA C. HENSE, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

**Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Keith Page, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 1, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

///

---

[1] Plaintiff was incarcerated when he filed suit.

1

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's Claims

### A. Summary of Allegations

Plaintiff's claims arise from events which occurred in 2009 at North Kern State Prison in Delano, California. Plaintiff alleges that Michael Ramirez, Andrew Lopez, Warden Lydia C. Hense, Chief Deputy Warden Steven Trevino, and Warehouse Manager Irvin Glenn violated his rights under the United States Constitution.

On March 10, 2009, Defendant Ramirez authored a CDCR-128-B chrono removing inmate Jones, who is a gang member, from Jones' work assignment in the reception center laundry, where he had only been assigned for a day or two. Defendant Ramirez removed inmate Jones from his assignment after witnessing a heated argument between inmates Jones and Jimmerson, but in the chrono, which was sent to inmate Jones, Ramirez wrote that Plaintiff stated inmate Jones was a threat to the inmates on the laundry assignment and should be removed. Plaintiff denies making that

statement, but he alleges that information such as that should have been documented as confidential to protect his safety.

Plaintiff was informed about the chrono containing his name on March 18, 2009, and he approached Defendant Ramirez the next day and asked him about it. Defendant Ramirez deflected Plaintiff's questions by telling him repeatedly to go ask inmate Jones. That afternoon, Defendant Lopez, who was Defendant Ramirez's supervisor, came to Plaintiff and told him that he should not have let Defendant Ramirez submit the chrono in that form. Plaintiff asked what the chrono said, but Defendant Lopez just apologized and walked away.

Plaintiff alleges that Defendant Ramirez retaliated against him because he had filed an inmate appeal on March 4, 2009, grieving Ramirez's failure to promote him to lead-man. On March 13, 2009, Defendant Ramirez promoted Plaintiff to lead-man and increased his pay, but by then, the problematic chrono had already been issued.

On March 22, 2009, Plaintiff was attacked by unknown assailants and knocked unconscious. Plaintiff sustained a gash on his forehead, a gash above his left eye which required stitches, and a black eye. When Plaintiff came to, the CDCR-128-B chrono that named Plaintiff in it and removed inmate Jones from his work assignment was lying on the ground next to Plaintiff.

### B.    Eighth Amendment Failure-to-Protect Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at 1040.

Plaintiff's allegations that Defendant Ramirez removed another inmate from his work assignment and named Plaintiff as the reason for the removal are sufficient to state a claim against

Defendant Ramirez for endangering Plaintiff's safety, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a). Plaintiff's allegation that Defendant Lopez knew of and acknowledged the safety breach but failed to take any corrective action is also sufficient to state a claim. Id.

### C. Retaliation Claim

Although Plaintiff alleges that Defendant Ramirez named him in the chrono in retaliation against him for filing an earlier appeal, there is no factual support for this conclusion.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff must allege sufficient facts to support a plausible claim for relief and in this instance, Plaintiff merely concludes that his earlier appeal motivated the issuance of the chrono naming him as the cause for inmate Jones' termination. This is insufficient to state a claim. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

### D. Due Process Claims

#### 1. Procedural

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In addition to the fact that Plaintiff has not identified any procedural protections he was deprived of, he has not identified a protected liberty interest. Plaintiff's bare allegation that he was deprived of a protected liberty interest is nothing more than a legal conclusion and his complaint is devoid of any facts supporting the existence of any such interest. As a result, Plaintiff's procedural due process claim fails.

### 2.   **Substantive**

Substantive due process claims arise from official conduct which shocks the conscience. E.g., County of Sacramento v. Lewis, 523 U.S. 833, 846-47, 118 S.Ct. 1708 (1998); A.D. v. Markgraf, 636 F.3d 555, 560 (9th Cir. 2011); Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010); Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006); Fontana v. Haskin, 262 F.3d 871, 881-82 (9th Cir. 2001). However, where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, rather than the more generalized notion of substantive due process, must be the guide for analyzing the claim. Lewis, 523 U.S. at 842 (citations and quotation marks omitted); also Nat'l Aeronautics and Space Admin. v. Nelson, ___ U.S. ___, ___ , 131 S.Ct. 746, 765 (2011); Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Prot., ___ U.S. ___, ___ , 130 S.Ct. 2592, 2606 (2010). Here, the conduct complained of falls under the protection of the Eighth Amendment, barring Plaintiff's substantive due process claim, other deficiencies notwithstanding.

### E.   **Equal Protection Claim**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles,

250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Although Plaintiff alleges an equal protection claim and states that he was discriminated against, Plaintiff's complaint is devoid of any facts supporting the existence of a viable equal protection claim.

### F.  Supervisory Liability Claims

Finally, Plaintiff seeks to impose liability on Warden Hense, Chief Deputy Warden Trevino, and Warehouse Manager Glenn for the failure to properly train and supervise subordinate employees. Liability may not be imposed on supervisory personnel under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 633 F.3d 1191, 1196-97 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff names Defendants Hense, Trevino, and Glenn based solely on their positions of authority and his claim against them fails as a result.

### III.  Conclusion and Order

Plaintiff's complaint states a cognizable claim for relief against Defendants Ramirez and Lopez for violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing those deficiencies which he believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

"buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only against Defendants Ramirez and Lopez on his Eighth Amendment claim, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on that claim. Plaintiff's other claims will then be dismissed with prejudice, and Plaintiff will be provided with two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Ramirez and Lopez.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendants Ramirez and Lopez on his Eighth Amendment claim; and

///

3. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 21, 2011**                                  /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE