# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PAGE,<br><br>               Plaintiff,<br><br>    v.<br><br>LYDIA C. HENSE, et al.,<br><br>               Defendants. | CASE NO. 1:10-cv-01186-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART<br><br>(Docs. 27 and 30)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations - Cross-Motions for Summary Judgment**

**I.    Procedural History**

Plaintiff Keith Page, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 1, 2010. This action for damages is proceeding on against Defendants Ramirez and Lopez for failing to protect Plaintiff while he was at North Kern State Prison in 2009, in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution.[1] 28 U.S.C. § 1915A.

On July 2, 2012, Plaintiff filed a motion for summary judgment, and on July 30, 2012, Defendants filed an opposition and a cross-motion for summary judgment. Fed. R. Civ. P. 56(a). Plaintiff filed a reply on August 13, 2012, and an opposition to Defendants' cross-motion on August

---

[1] Plaintiff's retaliation, due process, equal protection, and supervisory liability claims were dismissed for failure to state a claim, and Defendants Hense, Trevino, and Glenn were dismissed from the action. 28 U.S.C. § 1915A. (Doc. 15.)

1

23, 2012.² Defendants filed their reply on August 30, 2012, and the parties' cross-motions for summary judgment were submitted upon the record. Local Rule 230(l).

## II. Legal Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

In resolving cross-motions for summary judgment, the Court must consider each party's evidence. Johnson v. Poway Unified School Dist., 658 F.3d 954, 960 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1807. Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party

---

² In addition to the earlier notice of the requirements for opposing a motion for summary judgment provided by the Court on July 17, 2011, Defendants issued a contemporaneous notice on July 30, 2012, in compliance with Woods v. Carey, 684 F.3d 934, 935-36 (9th Cir. 2012).

2

and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (quotation marks and citation omitted).

### III.  Discussion

#### A.  Introduction

As an initial matter, Plaintiff's claim is limited to his Eighth Amendment claim that Defendants knowingly disregarded a substantial risk of harm to his personal safety. In his motion, opposition, and reply, Plaintiff argues that Defendants engaged in a conspiracy, retaliated against him, and violated his rights to due process and equal protection. These arguments are disregarded and will not be further addressed given that Plaintiff's complaint was screened and his claims other than his Eighth Amendment claim were dismissed. (Docs. 1, 13, 14, 15.)

Next, Plaintiff's complaint is verified and his motion for summary judgment is supported by his declaration.[3] These filings constitute evidence to the extent that they are based on Plaintiff's personal knowledge of specific facts which are admissible in evidence. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004). Despite Defendants' argument to the contrary, qualifying facts set forth in these verified documents are evidence and their evidentiary value does not hinge upon the submission of "corroborating evidence."[4] Plaintiff's opposition and reply briefs, however, are not verified and therefore have no evidentiary value.[5] Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006).

#### B.  Undisputed Facts

In March 2009, Plaintiff was incarcerated at North Kern State Prison (NKSP) , where he worked in the laundry facility.

Defendant Ramirez, who has worked for the California Department of Corrections and Rehabilitation (CDCR) for seventeen and one-half years, is the Material and Store Supervisor I at

---

[3] Doc. 1, Comp.; Doc. 27, Pl. Motion, court record pgs. 8-13.

[4] Doc. 30, Def. Motion, p. 14, lns. 4-6; Doc. 31, Def. Opp., p. 6, lns. 7-9.

[5] Docs. 34-36, Pl. Reply, Pl. Reply to Evid. Objs., Pl. Opp.

3

1  NKSP, where he is responsible for the storage and issuance of clothing, bedding, and other related
2  items and for supervising a crew of fourteen inmates.
3      Defendant Lopez has worked for CDCR for six years and he was the Materials and Store
4  Supervisor II at NKSP in March 2009, where he was responsible for controlling inventory and
5  training and supervising staff and inmate workers.
6      Defendants were non-custody staff members, which means they were not trained in safety
7  and security issues of the institution, including identification of potential enemies and gang
8  affiliations or activities, they did not have access to inmates' central files, and they were not provided
9  with background information on the inmates assigned to the laundry facility.
10      On March 10, 2009, Defendant Ramirez authored a CDCR Form 128-B chrono requesting
11  that inmate Jones be removed from his paid position in the laundry facility. The chrono detailed an
12  incident Defendant Ramirez had observed in which inmate Jones became belligerent and hostile
13  toward inmate Jimmerson. The chrono also identified Plaintiff by name and CDCR number as
14  having provided Defendant Ramirez with additional information regarding inmate Jones' behavior.
15  The chrono was approved, and inmate Jones was provided with a copy of it and relieved of his job
16  assignment.
17      In prison, inmates who provide negative reports or other information about other inmates are
18  considered snitches, and snitches are frequently singled out for violent attacks by other inmates.[6]
19  Naming Plaintiff in the chrono as a source of information had the effect of identifying him as a snitch
20  to other inmates.
21      On March 22, 2009, Plaintiff was attacked and injured by an unidentified assailant or
22  assailants. Plaintiff received medical care for his injuries, including stitches to a forehead laceration,
23  and he was re-housed in administrative segregation.
24  ///

---

[6] With respect to the objective element of Plaintiff's claim, which is the existence of an objectively serious risk of harm, Defendants do not submit any evidence bringing into dispute Plaintiff's attestations regarding what constitutes a snitch and that snitches are targeted for attack and Defendants do not argue that no objective risk of harm was presented. Rather, Defendants' arguments focus on the element of subjective intent and their alleged lack of awareness of any risk.

4

### C. Plaintiff's Position

Plaintiff argues that he is entitled to summary judgment on his Eighth Amendment claim against Defendants Ramirez and Lopez because they knowingly disregarded a substantial risk of harm to his personal safety with respect to the issuance of the chrono identifying Plaintiff as a source of information against inmate Jones.

On March 4, 2009, Plaintiff submitted a CDCR 602 inmate appeal against Defendant Ramirez because Plaintiff felt Defendant was biased and unfair in failing to promote Plaintiff to a lead-man position. (Comp., ¶13; Motion, Page Dec., ¶7.)

On March 10, 2009, Defendant Ramirez authored a CDCR 128-B chrono against inmate Jones seeking his removal from his paid laundry facility position. (Comp., ¶2; Page Dec., ¶10.) The chrono documented an incident witnessed by Defendant Ramirez in which inmates Jones and Jimmerson got into a heated argument. (Comp., ¶2.) The chrono also identified Plaintiff by name and CDCR number as a source of information that inmate Jones was a threat to other inmates and should be removed from his job assignment. (Comp., p. 7 & p. 8 ¶3; Page Dec., ¶¶6, 10.)

Plaintiff denies making any such statements about inmate Jones and he attests that the inclusion of his name in the chrono as a source of information identified him to other inmates as a snitch, which is an inmate who provides bad reports or other information about other inmates. (Comp., p. 7, ¶¶3-6, 9, 13, 14; Page Dec., ¶6.) Snitches are frequently singled out for violent attacks by other inmates and Plaintiff contends that his safety was placed in danger as a result of being identified as a snitch in the chrono. (Comp., ¶6; Page Dec., ¶6.)

On March 18, 2009, Plaintiff was told that the chrono given to inmate Jones removing him from his position contained Plaintiff's name, and on March 19, 2009, Plaintiff asked Defendant Ramirez if his name was on the chrono given to inmate Jones. (Comp., ¶¶5, 6.) Defendant Ramirez told Plaintiff to go ask inmate Jones. (Id., ¶6.) Plaintiff asked why his name would be on the chrono and Defendant again told him to go ask inmate Jones. (Id., ¶6.)

The same day, Plaintiff was approached by Defendant Lopez, who told Plaintiff that he should not have allowed Defendant Ramirez to submit the chrono the way he did. (Id., ¶11.)

///

1  Plaintiff asked what the chrono said and Defendant Lopez apologized again and walked away.
2  (Comp., ¶11; Page Dec., ¶14.)

3  On March 22, 2009, Plaintiff was attacked and knocked unconscious by an unidentified
4  assailant or assailants. (Comp., p. 3.) When Plaintiff regained consciousness, the CDCR 128-B
5  chrono issued to inmate Jones and identifying Plaintiff as a source of information against Jones was
6  lying on the ground next to Plaintiff. (Id.)

7  On March 26, 2009, Lt. K. Baker authored a 128-B "Safety/Enemy Concerns Chrono"
8  documenting the attack on Plaintiff and concluding that it was reasonable to believe that the chrono
9  had been shared with other inmates, which likely contributed to the assault on Plaintiff.[7] (Doc. 27,
10 Ex. A, pg. 25.)

11 On July 10, 2009, Chief Deputy Warden C. Gipson partially granted Plaintiff's inmate
12 appeal, in which Plaintiff complained that Defendant Ramirez had issued a chrono containing
13 confidential information, which led to an attack on Plaintiff. (Doc. 27, Ex. A, pgs. 26-27.) In the
14 appeal decision, Gipson found that staff violated CDCR policy.[6] Id.

15 Finally, Plaintiff provides copies of his requests for admission served on Defendants Ramirez
16 and Lopez and a copy of a letter from Defendants' counsel acknowledging receipt and requesting

---

[7] Defendants object to Plaintiff's summarization of the chrono. (Doc. 32, p. 3 § D.) However, the summary cited to is not set forth in Plaintiff's supporting declaration and it has no evidentiary value. (Doc. 27, court record p. 4 ¶21.) Defendants do not identify Plaintiff's Exhibit A, which is the safety/enemy concerns chrono, as subject to an objection, but the Court notes that the document, including Lt. Baker's conclusion, is not hearsay, Fed. R. Evid. 803(6), and Plaintiff's statements described in the chrono are not being offered by Plaintiff for the truth of the matter asserted, Fed. R. Evid. 801(c)(2).

[6] Defendants object to Plaintiff's summarization of the appeal decision. (Doc. 32, p. 4 § E.) Again, the summary has no evidentiary value. (Doc. 27, court record p. 5 ¶22.) However, the appeal itself is admissible, Fed. R. Evid. 803(6), and Defendants' argument that the staff member who violated policy was not identified is rejected. (Doc. 27, Ex. A, court record pgs. 26, 27.) The appeal decision clearly summarizes against whom the grievance was filed - Defendant Ramirez - and on what basis the grievance was filed - the endangerment of Plaintiff's safety through the issuance of a chrono which contained confidential information. That Chief Deputy Warden Gipson found that Defendant Ramirez violated CDCR policy is the *only* reasonable construction of the appeal decision under the circumstances. However, Defendants are correct that Gipson's finding that Defendant Ramirez violated state prison policy does not translate to a finding that Plaintiff's federal constitutional rights were violated. E.g., Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 371 (9th Cir. 1996).

6

a thirty-day extension of time to respond, resulting in a deadline of June 18, 2012. (Doc. 27, App. 1-3, court record pgs. 34-52.)  In his motion, Plaintiff represents that he agreed to the requested extension of time but he never received responses to his requests for admission.  In relevant part, the requests seek admissions that in issuing the 128-B chrono removing inmate Jones from his position and naming Plaintiff as a source of information, Defendant Ramirez knowingly disregarded a substantial risk of harm to Plaintiff's safety, and Defendant Lopez knew of, or should reasonably have known of, and disregarded a substantial risk of harm to Plaintiff's safety. (Doc. 27, court record pp. 38, 39, 47, 48.)

### D. Defendants' Position

Defendants argue that Plaintiff's allegations, if true, support a claim for negligent supervision at most, which does not support an Eighth Amendment claim.  Defendants argue that Plaintiff's claim fails as a matter of law and there are no triable issues of fact as to deliberate indifference to Plaintiff's personal safety.  In addition, Defendants argue that they are entitled to qualified immunity.

In support of their motion, Defendant Ramirez attests that he submitted a 128-B chrono on March 10, 2009, requesting that inmate Jones be removed from his position in the laundry facility, based upon an incident Defendant witnessed earlier that day in which inmate Jones became belligerent and hostile toward inmate Jimmerson. (Doc. 30-2, Ramirez Dec., ¶6.)  That same day, Plaintiff came into Defendant's office and informed him that inmate Jones had confronted another crew worker in the same manner as he confronted inmate Jimmerson. (Id., ¶7.)  Plaintiff asked that inmate Jones be removed from the laundry facility, and Defendant included this information in the chrono issued to inmate Jones. (Id.)  Defendant attests that his office has a window, and other inmates in the area observed Plaintiff in the office. (Id.)

After drafting the chrono, Defendant Ramirez presented it to a sergeant, who instructed Defendant to deliver the chrono to the program office so that it could be typed by an inmate clerk and distributed to inmate Jones. (Id., ¶8.)

///

On March 16, 2009, Plaintiff approached Defendant Ramirez and stated that Defendant may have put him in harm's way by referring to him in the chrono issued to inmate Jones. (Id., ¶9.) However, Plaintiff did not appear to be overly concerned and he made this statement in the presence of approximately four other inmates. (Id.)

Defendant Ramirez attests that prior to March 16, 2009, he had not considered that his actions might have inadvertently placed Plaintiff in danger. (Id., ¶10.) The program office is now staffed by a correctional officer who is tasked with reviewing all chronos, rules violation reports, and other disciplinary documents to determine the classification of the documents, including whether they contain confidential information, prior to their submission and distribution. (Id., ¶12.) At the time of the incident, however, Defendant Ramirez's understanding was that when he authored a chrono requesting an inmate's removal from the laundry facility, he should include all relevant information to support the recommendation. (Id.) All of the inmates working in laundry facility are minimum-security inmates; and Defendant Ramirez was not aware of a process for issuing confidential chronos, he was not trained in discerning which information qualifies as confidential, and he did not know if the information provided by Plaintiff would be considered confidential to the other involved inmates. (Id., ¶¶5, 10, 11.)

Defendant Ramirez attests that in the event that his actions inadvertently harmed Plaintiff, that was not his intention, and he would not have included the information in the chrono had he known that it would be harmful to Plaintiff. (Id., ¶14.)

Defendant Lopez attests that he and his staff are instructed to include all relevant information in the 128-B chronos they author, and although he did not have to approve all documents authored by his staff at NKSP, his general practice was to review the 128-B chronos that pertained to his area of supervision. (Doc. 30-2, Lopez Dec., ¶¶5, 6.) Upon review of the chrono, he would sign it to indicate that he reviewed and approved it. (Id., ¶6.) Defendant Lopez did not review the 128-B chrono dated March 10, 2009, prior to the chrono being submitted and processed; if he had reviewed the chrono, he would have signed or initialed it. (Id., ¶7.)

1    Defendants Ramirez and Lopez attest that they did not have any problems with Plaintiff
2 before this incident. (Ramirez Dec., ¶13; Lopez Dec. ¶8.) Plaintiff was a good worker, and
3 Defendants had a cordial relationship with him. (Id.) Defendant Lopez attests that Plaintiff never
4 approached him to discuss the chrono, problems with inmate Jones, or any subsequent problems, nor
5 did he ever talk to Plaintiff about these issues. (Lopez Dec., ¶8.)

6    **E.    Eighth Amendment Legal Standard**

7    Section 1983 provides a cause of action for the violation of constitutional or other federal
8 rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir
9 2009), *cert. denied*, 130 S.Ct. 1937; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.
10 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Under section 1983, Plaintiff must
11 demonstrate a link between the actions or omissions of each named defendant and the violation of
12 his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); Simmons v. Navajo
13 County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218,
14 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

15    The Eighth Amendment's prohibition against cruel and unusual punishment protects
16 prisoners not only from inhumane methods of punishment but also from inhumane conditions of
17 confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan,
18 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct.
19 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are,
20 restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan,
21 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

22    Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
23 clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
24 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in
25 prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).
26 To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial

9

1  risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F3d.
2  1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan,
3  465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).
4  Deliberate indifference is shown  where a prison official "knows that inmates face a substantial risk
5  of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer,
6  511 U.S. at 847.  Prison officials' duty under the Eighth Amendment is to ensure reasonable safety,
7  and prison officials may be found free from liability if they responded reasonably to the risk, even
8  if the harm ultimately was not averted.  Farmer, 511 U.S. at 847 (quotation marks and citations
9  omitted).

### F. Findings

#### 1. Effect of Admissions

Rule 36 of the Federal Rules of Civil Procedure provides, in relevant part, that "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). "A matter is admitted unless . . . the party against whom the request is directed [timely] serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[7] Fed. R. Civ. P. 36(a)(3).

"The effect of the admission is such that 'any matter admitted under this rule is conclusively established' unless the court grants a motion to waive or amend." Tillamook Country Smoker, Inc. v. Tillamook County Creamery Assoc., 465 F.3d 1102, 1111-12 (9th Cir. 2006); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981). "[T]he court and the parties are bound by such admissions, which cannot be ignored by the district court simply because it finds the

///

---

[7] The Federal Rules of Civil Procedure provide for a thirty-day response period unless otherwise shortened or lengthened by stipulation or court order. Fed. R. Civ. P. 36(a)(1)(A). Pursuant to the Court's discovery order, responding parties are given forty-five days to serve responses. (Doc. 24.) Defendants' responses were initially due May 17, 2012, but the parties agreed to a thirty-day extension of time, resulting in a due date of June 18, 2012, plus an additional three days for mailing. Fed. R. Civ. P. 6(e).

10

evidence presented by the party against whom the admission operates more credible." Tillamook County Smoker, Inc., 465 F.3d at 1112 (citation and internal quotation marks omitted).

Plaintiff has submitted as exhibits his two requests for admission served on Defendants and Defendants' letter acknowledging receipt and seeking an extension of time to June 18, 2012, within which to serve responses. Plaintiff represents that although he agreed to the extension, he was never served with responses. Despite the potentially far-reaching consequences of failing to respond to requests for admission, Defendants inexplicably fail to address this issue in their opposition or their cross-motion; they have neither submitted evidence of timely service of a response nor filed a motion to set aside the admissions.

Rule 36 is self-executing, Fed. R. Civ. P. 36(a)(3), and the Court cannot ignore the admissions in considering the parties' cross-motions for summary judgment, Tillamook County Smoker, Inc., 465 F.3d at 1112. To prevail on his motion for summary judgment, Plaintiff must affirmatively demonstrate that no reasonable trier of fact could find other than for him, Soremekun, 509 F.3d at 984, on his Eighth Amendment claim that Defendants Ramirez and Lopez knowingly disregarded a substantial risk of harm to his safety. While Defendants take the position that (1) Ramirez was unaware, prior to March 16, 2009, of any potential risk of harm to Plaintiff's safety by including mention of Plaintiff in the chrono issued to inmate Jones, (2) at most, Ramirez was negligent, and (3) Lopez was entirely unaware of the situation, the admissions conclusively establish otherwise. Tillamook County Smoker, Inc., 465 F.3d at 1112.

In relevant part, the admissions conclusively establish that Defendant Ramirez knew that naming Plaintiff in the chrono removing inmate Jones from his assignment would subject Plaintiff to a substantial risk of serious harm. (Doc. 27, Pl. Motion, court record p. 39, lns. 7-13.) Further, the admissions establish that Defendant Lopez approved the chrono and that he knew or reasonably should have known that naming Plaintiff in the chrono removing inmate Jones from his assignment would subject Plaintiff to a substantial risk of serious harm. (Id., p. 47, lns. 2-3 & 7-28)

///

"Unanswered requests for admission may be relied on as the basis for granting summary judgment," Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007) (citation omitted), and it bears repeating that not only is the rule is self-executing but the Court and the parties are bound by the admissions, Tillamook County Smoker, Inc., 465 F.3d at 1112. Thus, with respect to Defendant Ramirez, the Court is compelled to find that Plaintiff is entitled to judgment as a matter of law because the admissions conclusively establish the requisite elements of Plaintiff's Eighth Amendment claim against Defendant Ramirez.

With respect to Defendant Lopez, however, the admissions fall short of conclusively establishing the requisite subjective intent. The admissions establish that Defendant Lopez approved the chrono, but the subjective element of an Eighth Amendment claim is not satisfied by a showing only that a defendant *should* reasonably have known of a risk. Liability lies if the defendant knew of the risk of harm; liability does not lie if the defendant should have known but did not. Farmer, 511 U.S. at 842; Thomas, 611 F3d. 1144, 1150-51 (9th Cir. 2010); Foster, 554 F.3d at 814; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); Jeffers v. Gomez, 267 F.3d 895, 913 (9th Cir. 2001).

"'[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious,'" Foster, 554 F.3d at 814 (quoting Farmer, 511 U.S. at 842), and here, it is the factfinder who must determine whether Defendant Lopez had actual knowledge of the risk of harm to Plaintiff, either from the obviousness of the risk or otherwise. Plaintiff's admissions do not conclusively establish that he possessed the requisite knowledge. While Plaintiff has submitted evidence that Defendant Lopez apologized to him on March 19, 2009, and stated that he never should have allowed Defendant Ramirez to submit the chrono in that form, which supports an inference that he was aware of a risk of harm to Plaintiff, Defendant Lopez denies ever having had such a conversation with Plaintiff. The factual dispute over Defendant Lopez's subjective intent is material to Plaintiff's Eighth Amendment claim and therefore, neither Plaintiff nor Defendant Lopez is entitled to judgment as a matter of law.

///

### 2. **Qualified Immunity**

Defendants also argue that they are entitled to qualified immunity, which is "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009) (citation and internal quotations omitted). Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

In resolving the claim of qualified immunity, courts determine whether, taken in the light most favorable to the injured party, the officers' conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001); Mueller, 576 F.3d at 993. While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order it deems most suitable under the circumstances. Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

A finding of deliberate indifference, or a finding of a triable issue as to deliberate indifference, does not necessarily preclude qualified immunity, and "courts must still consider whether - assuming the facts in the injured party's favor - it would be clear to a reasonable officer that his conduct was unlawful." Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1045 (9th Cir. 2002) (overruling Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992)). "For a constitutional

right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515 (2002). While the reasonableness inquiry may not be undertaken as a broad, general proposition, neither is official action entitled to protection "unless the very action in question has previously been held unlawful." Hope, 536 U.S. at 739. "Specificity only requires that the unlawfulness be apparent under preexisting law," Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) (citation omitted), and prison personnel "can still be on notice that their conduct violates established law even in novel factual circumstances," Hope, 536 U.S. at 741.

It has not been disputed that identifying an inmate as an informant or a snitch to other inmates constitutes an objectively serious risk of harm, and by 2009, the contours of inmates' Eighth Amendment rights were sufficiently clear that a reasonable prison employee would have known that he could not knowingly disregard such a risk of harm to an inmate's personal safety. Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. Therefore, Defendants are not entitled to qualified immunity.

## IV.  Recommendation

For the reasons set forth above, the Court HEREBY RECOMMENDS as follows:

1. Defendants' motion for summary judgment, filed on July 30, 2012, be DENIED in its entirety;

2. Plaintiff's motion for summary judgment, filed on July 2, 2012, be GRANTED as to Defendant Ramirez and DENIED as to Defendant Lopez; and

3. This matter be set for jury trial.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 14, 2013**                             /s/ Sheila K. Oberto
                                                             UNITED STATES MAGISTRATE JUDGE