# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PAGE,<br><br>           Plaintiff,<br><br>    v.<br><br>LYDIA C. HENSE, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:10-cv-01186-AWI-SKO PC<br><br>**SECOND SCHEDULING ORDER**<br><br>**ORDER REQUIRING DEFENDANTS TO NOTIFY COURT WITHIN THIRTY DAYS WHETHER THEY CONSENT TO MAGISTRATE JUDGE JURISDICTION, AND REQUIRING PARTIES TO NOTIFY COURT WITHIN SIXTY DAYS WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF**<br><br><u>Telephonic Trial Confirmation</u><br><u>Hearing</u>:   August 19, 2013, at 3:00 p.m. in Courtroom 2 (AWI)<br><br><u>Jury Trial</u>:   September 24, 2013, at 8:30 a.m. in Courtroom 2 (AWI) |

     Plaintiff Keith Page, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 1, 2010. This action for damages is proceeding on against Defendants Ramirez and Lopez for failing to protect Plaintiff while he was at North Kern State Prison in 2009, in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. On February 20, 2013, Plaintiff's motion for summary judgment was granted in part and Defendants' motion for summary judgment was denied. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court now sets a further schedule for this litigation.

1

1    The parties are required to file pretrial statements in accordance with the schedule set forth
2 herein. In addition to the matters already required to be addressed in the pretrial statement in
3 accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order
4 to obtain the attendance of witnesses. The procedures and requirements for making such a showing
5 are outlined in detail below. Plaintiff is advised that failure to comply with the procedures set forth
6 below may result in the preclusion of any and all witnesses named in his pretrial statement.[1]

7    At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the
8 alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial
9 evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce
10 all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness
11 testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure
12 that the witnesses will be at the trial and available to testify.

13    1.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify
14 Voluntarily - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot
15 come to court unless the Court orders the warden or other custodian to permit the witness to be
16 transported to court. The Court will not issue such an order unless it is satisfied that the prospective
17 witness has actual knowledge of relevant facts.

18    A party intending to introduce the testimony of incarcerated witnesses who have agreed
19 voluntarily to attend the trial must serve and file <u>concurrent with the pretrial statement</u> a written
20 motion for a court order requiring that such witnesses be brought to court at the time of trial. The
21 motion must: (1) state the name, address, and prison identification number of each such witness; and
22 (2) be accompanied by declarations showing that each witness is willing to testify and that each
23 witness has actual knowledge of relevant facts. The motion should be entitled "Motion for
24 Attendance of Incarcerated Witnesses."

25 ///

---

[1] Not withstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. <u>Wiggins v. County of Alameda</u>, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before July 8, 2013.  Oppositions, if any, must be filed on or before August 5, 2013.**

2. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u> - It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. <u>Id.</u> In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court</u>. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

**If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than August 5, 2013. In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step one, on or before June 5, 2013.**

The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

///

Finally, the Court shall direct the Clerk's Office to provide the parties with consent/decline forms. Within thirty days from the date of service of this order, the parties shall inform the Court whether they consent to or decline Magistrate Judge jurisdiction by filling out the forms and returning them to the Court.

Accordingly, the Court HEREBY ORDERS as follows:

1. This matter is set for telephonic trial confirmation hearing before Senior United States District Judge Anthony W. Ishii on **August 19, 2013, at 3:00 p.m.** in Courtroom 2;

2. This matter is set for jury trial before Senior United States District Judge Anthony W. Ishii on **September 24, 2013, at 8:30 a.m.** in Courtroom 2;

3. Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at **(559) 499-5669**;

4. **<u>In advance of the hearing, Plaintiff is required to provide Defendants' counsel with a telephone number at which Plaintiff may be contacted for the conference call</u>**;

5. Plaintiff shall serve and file a pretrial statement as described in this order on or before **July 8, 2013**;

6. Defendants shall serve and file a pretrial statement as described in this order on or before **August 5, 2013**;

7. In addition to electronically filing their pretrial statement, Defendants shall e-mail the pretrial statement to: awiorders@caed.uscourts.gov;

8. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **July 8, 2013**;

9. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **August 5, 2013**;

///

5

1 | 10. | If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **June 5, 2013**, and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **August 5, 2013**;

11. The Clerk's Office shall send the parties consent/decline forms;

12. Within **thirty (30) days** from the date of service of this order, Defendants shall notify the Court whether they consent to or decline Magistrate Judge jurisdiction;[2]

13. The Clerk's Office shall send Plaintiff a copy of Local Rule 281; and

14. Within **sixty (60) days** from the date of service of this order, the parties shall notify the Court whether they believe a settlement conference would be beneficial.

IT IS SO ORDERED.

Dated:   February 28, 2013                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff consented on July 20, 2010.  (Doc. 5.)