# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PAGE, | CASE NO. 1:10-cv-01186-AWI-SKO PC |
|        Plaintiff, | ORDER SETTING SETTLEMENT CONFERENCE |
|   v. | Date: July 30, 2013 |
| LYDIA C. HENSE, et al., | Time: 9:30 a.m. |
|        Defendants.. | Place: U.S. District Court, Bakersfield, California, before the Honorable Jennifer L. Thurston |

    Plaintiff Keith Page, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 1, 2010.  This action for damages is proceeding against Defendants Ramirez and Lopez for failing to protect Plaintiff while he was at North Kern State Prison in 2009, in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution.  Jury trial is scheduled for September 24, 2013.

    The Court has determined that this case would benefit from a settlement conference.  This case is therefore set for a settlement conference before United States Magistrate Judge Jennifer L. Thurston on July 30, 2013, at 9:30 a.m. at the United States District Court, 510 19th Street, Bakersfield, California, 93301.

    Accordingly, the Court HEREBY ORDERS as follows:

1.     This case is referred to the Prisoner Settlement Program and set for a settlement conference on July 30, 2013, at 9:30 a.m. at the United States District Court, 510 19th Street, Bakersfield, California, 93301.

2. Plaintiff and Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on Defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and relief sought. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Each party shall (1) provide a confidential settlement conference statement, described below, to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California, 95814, or via e-mail at spark@caed.uscourts.gov, **to arrive no later than July 22, 2013**, and (2) file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **or served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than three pages** in length, typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, e.g., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval by Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, No. CV02-1886PHX DGC, 2003 WL 23353478, at *3 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).

2

         major issues in dispute.

    c.    A summary of the proceedings to date.

    d.    An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e.    The relief sought.

    f.    The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g.    A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

**Dated:    May 10, 2013**　　　　　　　　　　／s/ Sheila K. Oberto
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE