1
2
3
4
5
6       **UNITED STATES DISTRICT COURT**
7               EASTERN DISTRICT OF CALIFORNIA
8
KEITH PAGE,                              CASE NO. 1:10-cv-01186-AWI-SKO PC
9
              Plaintiff,                 ORDER GRANTING MOTION TO
10                                        WITHDRAW ADMISSIONS, DENYING
       v.                                MOTION FOR RECONSIDERATION, AND
11                                        AMENDING ORDER TO DENY PARTIES'
LYDIA C. HENSE, et al.,                  MOTIONS FOR SUMMARY JUDGMENT
12
              Defendants.                (Docs. 47 and 48)
13
_____/
14

15          **Order on Motions for Reconsideration and to Withdraw Admissions**

16   **I.    Procedural History**

17          Plaintiff Keith Page ("Plaintiff"), a former state prisoner proceeding pro se and in forma

18   pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 1, 2010.  This action

19   for damages is proceeding against Defendants Ramirez and Lopez ("Defendants") for failing to

20   protect Plaintiff while he was incarcerated at North Kern State Prison in 2009, in violation of the

21   Eighth Amendment of the United States Constitution.  This matter is currently set for jury trial on

22   September 24, 2013.

23          On July 2, 2012, Plaintiff filed a motion for summary judgment, and on July 30, 2012,

24   Defendants filed an opposition and a cross-motion for summary judgment.  See  Fed. R. Civ. P.

25   56.  Plaintiff's motion was supported in part by Defendants' admissions.  See Fed. R. Civ. P.

26   36(a)(3).

27          On January 15, 2013, the Magistrate Judge issued findings and recommendations

28   recommending that Plaintiff's motion for summary judgment be granted in part and denied in

                                            1

part and Defendants' cross-motion be denied.  The partial success of Plaintiff's motion for summary judgment resulted from the admitted matters.  Defendants filed objections on February 11, 2013, arguing that they timely served their responses to Plaintiff's requests for admission on June 18, 2012, and submitting as evidence a proof of service.  Plaintiff filed a response on February 15, 2013, supported by a photocopy of the envelope the responses were sent in, postmarked July 2, 2012.  Based on Plaintiff's evidence, the Court adopted the findings and recommendations in full, granted in part and denied in part Plaintiff's motion for summary judgment, and denied Defendants' motion for summary judgment.

Now pending before the Court are Defendants' motion to withdraw the admissions against them and motion for reconsideration of the order adopting the findings and recommending, filed on February 28, 2013.  Plaintiff filed an opposition on March 7, 2013, and Defendants filed a reply on March 14, 2013.

The motions have been submitted upon the record without oral argument.  For the reasons that follow, the Court grants Defendants' motion for an order withdrawing the admissions.

**II.    Relevant Facts**

Pursuant to stipulation, the deadline for Defendants to serve their responses to Plaintiff's requests for admission was June 18, 2012.  (Doc. 27, Pl. MSJ, p. 12, ¶19, p. 52.)  In support of their motion for reconsideration, Defendants present evidence that the legal secretary for Defendants' counsel served Defendants' responses to Plaintiff's request for admissions on a different inmate at Pelican Bay State Prison, either due to the inadvertent enclosure of the responses with documents served on that inmate or due to the inadvertent switch of contents between envelopes.  (Doc. 47-1, Recon. Mtn., Decl. of Mehra, ¶3.)  On July 2, 2012, counsel received a letter from the inmate at Pelican Bay State Prison informing her of the error and returning the responses.[1]  (Mehra Decl., ¶4; Doc. 47-2, Recon. Mtn., Coleman Decl., ¶6.)  Counsel then instructed her legal secretary to re-serve the responses on Plaintiff with a letter of

---

[1] An unredacted copy of the inmate's letter was submitted to the Court for *in camera* review and the Court is satisfied that the responses to Plaintiff's requests for admission were served by mail on June 18, 2012, but were mailed to an inmate at Pelican Bay State Prison rather than to Plaintiff.  (Docs. 54, 55.)

1   explanation, which was done on July 2, 2012.  (Mehra Decl., ¶5 & Ex. B; Coleman Decl., ¶7.)

2           Plaintiff provides evidence in the form of his own declaration that he did not receive

3   correspondence from the inmate at Pelican Bay State Prison and there was neither an explanatory

4   letter enclosed with the responses served on July 2, 2012 nor a proof of service listing the letter.

5   **III.   Motion to Withdraw Admissions**

6           **A.   Legal Standard**

7           The Court may, upon motion, permit admissions to be withdrawn, and Defendants

8   separately move to have their admissions withdrawn.  Fed. R. Civ. 36(b).  District courts are

9   permitted "to exercise [their] discretion to grant relief from an admission made under Rule 36(a)

10  only when (1) the presentation of the merits of the action will be subserved, and (2) the party

11  who obtained the admission fails to satisfy the court that withdrawal or amendment will

12  prejudice that party in maintaining the action of defense on the merits."  *Conlon v. U.S.*, 474 F.3d

13  616, 621 (9th Cir. 2007) (internal quotation marks and citations omitted).

14          Rule 36(a) serves "two important goals: truth-seeking in litigation and efficiency in

15  dispensing justice."  *Conlon*, 474 F.3d at 622.  Both factors must be considered in resolving a

16  motion to withdraw admissions.  *Id.*

17          **B.   Discussion**

18          Defendants were placed on clear notice that admissions were at issue in Plaintiff's motion

19  for summary judgment, filed on July 2, 2012.  Defendants' contention that it was difficult to

20  decipher all of Plaintiff's arguments is untenable.  (Doc. 51, Reply, 2:11-14.)  Plaintiff's

21  handwritten motion was twenty-three pages in length and it was supported by exhibits which

22  numbered a mere twenty-nine pages.  Plaintiff's writing is not difficult to read and his motion

23  was coherent and straightforward, with the very first page containing the following statement:

24  "The reasons thereof are set forth in petitioner's pleading, undisputed facts, request for admission

25  that defendants failed to answer, admissions on file, brief and declaration in support of motion

26  for partial summary judgment, memorandum of points authorities and argument."  (Doc. 27, Pl.

27  MSJ, 1:24-27.)  Furthermore, Plaintiff included as exhibits his requests for admission and

28  Defendants' initial letter seeking an extension of time to June 18, 2012, and those documents

1    comprised more than half of Plaintiff's exhibits.  Under these circumstances, there is no

2    reasonable explanation for Defendants' failure to recognize that their admissions were at issue.

3           Next, Plaintiff's motion was dated June 23, 2012, and it was filed on July 2, 2012, the

4    same day Defendants represent they re-served their responses on Plaintiff with an explanatory

5    letter.[2]  Rule 36 is self-executing, and parties are not permitted to award themselves an extension

6    of time to respond to requests for admission by simply sending an explanatory letter.  An

7    extension of time must be obtained from the opposing party via stipulation or from the Court.

8    Fed. R. Civ. P. 36(a)(3).  Again, there is no reasonable explanation for Defendants' decision to

9    disregard the law and send an explanatory letter rather than seek a stipulation or relief from the

10   Court pursuant to Rule 36(a)(3), as is required.

11          After the Magistrate Judge issued findings and recommendations recommending, in

12   relevant part, that Plaintiff's motion for summary judgment be partially granted based on

13   Defendants' admissions, Defendants objected.  However, their objection was based not on an

14   explanation that they inadvertently served another inmate and then re-served their responses on

15   July 2, 2012, but on their representation that they had timely served their responses on June 18,

16   2012, supported by a proof of service.

17          Defendants represent that the discrepancy between their explanations occurred because

18   the attorney who drafted the objections was not aware that the responses were returned as

19   misaddressed and then re-served on July 2, 2012.  Counsel have a duty of candor, and all counsel

20   involved with the case bear the responsibility of being familiar with the proceedings and abiding

21   by the law, without exception.  Although unintentional, counsel nonetheless made

22   misrepresentations to the Court and that is not an insignificant matter.

23          Given that Rule 36 is self-executing, Defendants should have acted on July 2, 2012, when

24   they were placed on notice that their responses to Plaintiff's requests for admission had been

25   mailed to the wrong person and that Plaintiff was relying in part on those admissions to support

26

27          [2] The responses were re-served on the same day Plaintiff filed his motion for summary judgment.  However,
     given that Plaintiff served his motion by mail on June 26, 2012, and the letter from the inmate at Pelican Bay State
28   Prison returning the responses was dated June 26, 2012, the timing appears to be purely coincidental.

4

his motion for summary judgment.  While the initial error in mailing the responses to the wrong person on June 18, 2012, appears to have been a simple clerical error, the actions and/or omissions which followed were not.   Despite this Defendants' culmination of poor choices and missteps, the Court finds that when the relevant legal standard is applied, the Court must grant Defendants' motion to withdraw the admissions.

### 1.   Presentation of the Merits

"'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Id.* (quoting *Hadley*, 45 F.3d at 1348).  In this case, as in *Conlon*, the decision to partially grant Plaintiff's motion rested upon the admissions.  The Eighth Amendment is violated when a prison official knowingly disregards a substantial risk of harm to an inmate's safety, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994), and the Magistrate Judge stated, "[W]ith respect to Defendant Ramirez, the Court is compelled to find that Plaintiff is entitled to judgment as a matter of law because the admissions conclusively establish the requisite elements of Plaintiff's Eighth Amendment claim against Defendant Ramirez." (Doc. 41, Findings and Recommendations, 12:4-7.)  Thus, the admissions led directly and in full to the finding that Defendant Ramirez was liable for violating Plaintiff's rights under the Eighth Amendment, leaving only the determination of damages for trial.

The admissions had less impact on Defendant Lopez, resulting only in the determination that Lopez, who was Ramirez's supervisor, approved the written document alleged to have created the substantial risk of harm to Plaintiff's safety, an action which would otherwise be in dispute. (F&R, 12:8-11.)  The admissions did not conclusively establish the requisite subjective intent. *Farmer*, 511 U.S. at 842.

However, Plaintiff's Eighth Amendment claims against Defendants arise out of the same events.  While Defendants' involvement differed in that Defendant Ramirez allegedly authored the report which endangered Plaintiff while Defendant Lopez approved it, it was the existence of the report coupled with it being copied to another inmate which created the danger to Plaintiff. Therefore, the Court finds that withdrawal of the admissions "would promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b); *Conlon*, 474 F.3d at 621-22; *Hadley*, 45 F.3d at

1348.

### 2.   Prejudice to Plaintiff

As the party relying on the admissions, Plaintiff bears the burden of establishing he would be prejudiced by the withdrawal of the admissions. *Conlon*, 474 F.3d at 622.  However, as with the element of prejudice discussed in the context of Rule 60(b) motions, "[t]he prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth." *Id.* (citation and internal quotations marks omitted). "Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (citation and internal quotations marks omitted).

Although Plaintiff argues that he would be prejudiced if the admissions were set aside, Plaintiff identifies no prejudice and neither relying on admissions to move for summary judgment nor having to litigate on the merits constitutes prejudice. *Id.* at 622, 624.  (Doc. 50, Opp., 5:20-23.)  Therefore, Plaintiff fails to meet his burden of establishing the existence of prejudice.

### 3.   Determination

The Court is not required to grant a motion to withdraw admissions even when the moving party satisfies the two-prong test. *Id.* at 624.  Rule 36(b) is permissive rather than mandatory. *Id.*  In this instance, Defendants' conduct was unreasonable dilatory.  Defendants were placed on notice on July 2, 2012, that their responses were not timely served on Plaintiff, via Plaintiff's motion and via receipt of the other inmate's letter returning the responses.  Instead of complying with Rule 36(a)(3), Defendants chose to simply mail the responses to Plaintiff with an explanatory letter.[3]  Defendants missed a second opportunity to move to set aside the admissions when they were served with the Magistrate Judge's findings and recommendations. Instead, Defendant waited almost eight months before moving to set aside the admissions.  As discussed in the preceding section, Defendants' poor choices and missteps go beyond excusable

---

[3] While Plaintiff denies receiving a letter, the letter is ultimately immaterial because Defendants may not cure the untimeliness of their responses by simply sending a letter.  Fed. R. Civ. P. 36(a)(3).

neglect.

Nevertheless, the Court elects to exercise its discretion to set aside the admissions in light of the furtherance of the presentation on the merits and the lack of prejudice to Plaintiff. *Id.* at 621. In this case, both factors weigh heavily in favor of setting the admissions aside. *Id.* at 625. However, the Court does so with some reluctance given Defendants' conduct, as noted above.

**IV.    Order Denying Parties' Motions for Summary Judgment**

In light of the withdrawal of the admissions, the Court's order of February 20, 2013, granting in part and denying in part Plaintiff's motion for summary judgment and denying Defendants' motion for summary judgment shall be amended to read as follows:

> The legal standards and the facts are correctly set forth in the Magistrate Judge's findings and recommendations and it is unnecessary to repeat them here. The order adopting the findings and recommendations is amended only to the extent necessary given the withdrawal of the admissions.
>
> In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).
>
> Viewing the facts in the light most favorable to Plaintiff, on March 10, 2009, Defendant Ramirez authored a chrono seeking the removal of inmate Jones from Jones' laundry facility position. The chrono identified Plaintiff by name and CDCR number as a source of information that inmate Jones was a threat to other inmates and should be removed from his job assignment. Plaintiff denies providing any information about inmate Jones and asserts that the chrono had the effect of labeling him a snitch, which exposed him to the risk of violent attack by other inmates.

1   Plaintiff was subsequently attacked and knocked unconscious on March

2   22, 2009.  When Plaintiff regained consciousness, a copy of the Jones chrono was

3   lying next to him.  Lt. K. Baker thereafter authored a 128-B "Safety/Enemy

4   Concerns Chrono" documenting the attack on Plaintiff and concluding that it was

5   reasonable to believe that the chrono had been shared with other inmates, which

6   likely contributed to the assault on Plaintiff.

7   Although Defendant Ramirez denies endangering Plaintiff's safety and

8   denies recognizing that his actions in authoring the chrono might endanger

9   Plaintiff, a reasonable jury could conclude that in a prison setting, the risk of harm

10  to an inmate identified as a source of negative information - a snitch - was

11  sufficiently obvious to support a finding of knowledge of a substantial risk of

12  harm.  *Farmer*, 511 U.S. at 842.  Furthermore, Defendant Ramirez concedes he

13  was approached by Plaintiff on March 16, 2009, regarding Plaintiff's concern that

14  Defendant may have put him in harm's way by referring to him in the chrono

15  issued to inmate Jones.  While Defendant states that Plaintiff did not appear to be

16  overly concerned, Plaintiff disputes that and this event nevertheless demonstrates

17  notice of the safety issue.  A reasonable jury could conclude that Defendant

18  Ramirez knew at that point, if not before, of a substantial risk of harm to

19  Plaintiff's safety but he nevertheless failed to take reasonable measures to abate it.

20  *Id.* at 847.

21  With respect to Defendant Lopez, it is Plaintiff's versions of events which

22  must be credited in determining whether there are triable issues of fact, as

23  previously stated.  Although Defendant Lopez denies knowledge of the chrono,

24  Plaintiff has submitted evidence that Defendant Lopez approached him after the

25  issuance of the chrono but prior to the attack, stated he should not have let

26  Defendant Ramirez submit the chrono, and apologized.  This is sufficient to raise

27  a triable issue of fact regarding Defendant Lopez's knowledge of the chrono and

28  its contents, and a reasonable jury could conclude that he acted with deliberate

1    indifference in failing to take any action to abate a known risk of harm to Plaintiff.

2    *Id.* at 847.

3           Finally, the Court finds that Defendants are not entitled to qualified

4    immunity.  As set forth in the findings and recommendations, it is not disputed

5    that identifying an inmate as an informant or a snitch to other inmates constituted

6    an objectively serious risk of harm, and by 2009, the contours of inmates' Eighth

7    Amendment rights were sufficiently clear that a reasonable prison employee

8    would have known that he could not knowingly disregard such a risk of harm to

9    an inmate's personal safety.  *Farmer*, 511 U.S. at 847; *Hearns v. Terhune*, 413

10   F.3d 1036, 1040 (9th Cir. 2005).

11   **IV.    Order**

12          In conclusion, for the reasons set forth above, it is HEREBY ORDERED that:

13   1.     Defendants' motion to withdraw admissions, filed on February 28, 2013, is

14          GRANTED;

15   2.     The order granting in part and denying in part the parties' motions for summary

16          judgment is amended to deny all parties' motions for summary judgment, based

17          on the existence of triable issues of fact and the lack of entitlement to qualified

18          immunity; and

19   3.     In light of this Court's ruling on Defendant's motion to withdraw admissions,

20          Defendants' motion for reconsideration is DENIED as moot.

21   IT IS SO ORDERED.

22
23   Dated:    July 30, 2013                    _____

                                               SENIOR  DISTRICT  JUDGE

24
25
26
27
28