1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10    KEITH PAGE,                                          Case No.  1:10-cv-01186-AWI-SKO PC

11              Plaintiff,                                  **PRETRIAL ORDER**

12        v.                                               **Telephonic Trial Confirmation
                                                           Hearing:** September 3, 2013, at 3:00 p.m. in
13    LYDIA C. HENSE, et al.,                              Courtroom 2 (AWI)

14              Defendants.                                **Jury Trial:** September 24, 2013, at 8:30 a.m.
                                                           in Courtroom 2 (AWI)
15    _____/

16

17            Plaintiff Keith Page, a former state prisoner proceeding pro se and in forma pauperis, filed

18    this civil rights action pursuant to 42 U.S.C. § 1983 on July 1, 2010.  This action for damages is

19    proceeding against Defendants Ramirez and Lopez for acting with deliberate indifference to a

20    substantial risk of harm to Plaintiff's safety, in violation of the Eighth Amendment of the United

21    States Constitution.  Plaintiff's claim arises out of Defendants' alleged failure to protect him from

22    harm while he was at North Kern State Prison in March 2009.[1]

23    **I.        Jurisdiction and Venue**

24            The Court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. §

25    1331.  Venue is proper because the conduct allegedly occurred in this judicial district.

26    _____

27    [1] On July 5, 2011, Plaintiff's retaliation, due process, equal protection, and supervisory liability, and Defendants
      Hense, Trevino, and Glenn were dismissed from the action at the screening stage for failure to state a claim.  28
      U.S.C. § 1915A.  (Doc. 15.)  The issues remaining for trial are confined to Plaintiff's Eighth Amendment claims for

28    damages against Defendants Ramirez and Lopez for acting with deliberate indifference to a substantial risk of harm to
      his safety in March 2009.

**II.**      **Jury Trial**

Defendants demand a trial by jury.  Fed. R. Civ. P. 38(b).

**III.**      **Facts**

**A.      Undisputed Facts**

1.      Plaintiff is a convicted felon.

2.      From October 3, 2008, to September 11, 2009, Plaintiff was incarcerated at North Kern State Prison in Delano, California.

3.      Defendant Michael Ramirez is the Material and Store Supervisor I at North Kern State Prison, and he is in charge of storage and issuance of clothing, bedding, and related items throughout the prison.

4.      Defendant Ramirez also supervises an inmate crew of fourteen (14) inmates in collecting, cleaning, and distributing laundry.

5.      During the relevant time period in 2009, Defendant Lopez was the Material and Store Supervisor II at North Kern State Prison, and he supervised the receipt, storage, issuance, and shipping of a large volume of varied supplies in a large warehouse at the prison.

6.      Defendant Lopez also trained and supervised inmate workers and staff, including Defendant Ramirez.

7.      Defendants Ramirez and Lopez are not peace officers and are not considered custody staff.

8.      On March 10, 2009, Defendant Ramirez submitted a CDC Form 128-B chrono requesting that inmate Jones (V-80342) be removed from his position in the laundry facility, based on an incident Ramirez witnessed that day wherein inmate Jones became belligerent and hostile toward inmate Jimmerson (G-39682).

9.      As of March 10, 2009, Plaintiff was the lead inmate laundry worker and his duties included evaluation of other inmate workers in the laundry.

10.      After drafting the chrono, Defendant Ramirez presented it to a sergeant, who instructed him to deliver the chrono to the program office in order for it to be typed by an inmate clerk and distributed to inmate Jones.

///

2

11.     Plaintiff did not ask to be put in protective custody or for any other safety precautions to be undertaken.

12.     On March 22, 2009, Plaintiff reported to the medical clinic with a small laceration over his left eyebrow.

### B.     Disputed Facts[2]

1.     Whether Plaintiff came into Defendant Ramirez's office on March 10, 2009, and informed him that (1) inmate Jones had confronted another crew worker in the same manner Jones confronted inmate Jimmerson and (2) he (Jones) needed to be removed from the laundry.

2.     Whether other inmates observed Plaintiff in Defendant Ramirez's office on March 10, 2009.

3.     Whether Plaintiff approached Defendant Ramirez on March 16, 2009, and stated that Ramirez may have put him in harm's way by referencing him in the chrono issued to inmate Jones; and whether Plaintiff made this statement in the presence of approximately four other inmates.

4.     Whether the information in the chrono issued to inmate Jones created an objectively substantial risk of serious harm to Plaintiff's personal safety.

5.     Whether Defendant Ramirez was aware that the information in the chrono regarding Plaintiff's report would create a substantial risk of serious harm to Plaintiff's personal safety.

6.     Whether Defendant Lopez saw the chrono that was issued to inmate Jones.

7.     Whether Defendant Lopez was aware that the information in the chrono regarding Plaintiff's report would create a substantial risk of serious harm to Plaintiff's personal safety.

8.     Whether Defendants Ramirez and Lopez knew of and disregarded a substantial risk of serious harm to Plaintiff's personal safety.

9.     Whether Plaintiff was assaulted on March 22, 2009.

---

[2] Omitted from this section of the Pretrial Order are Plaintiff's citations to various sections of the California Code of Regulations, Title 15.  In dispute in this action is whether Defendants violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference to a substantial risk of harm to his safety.  Defendants' alleged violation of state prison regulations is not relevant because the violation of those regulations does not support a claim under section 1983. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Ove v. Gwinn*, 264 F.3d 817, 824-25 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997).

1    10.    Whether Plaintiff was found with the 128-B chrono on or near him on March 22, 2009.

2                      **C.    Disputed Evidentiary Issues**[3]

3    1.    Defendants dispute the admissibility of the "confidential factfinder inquiry report"

4    authored by Lt. Baker.[4]

5                      **D.    Special Factual Information**

6           None.

7    **IV.         Relief Sought**

8           Plaintiff is no longer incarcerated and his claims arise from past events.  Therefore, this

9    action is limited to monetary damages.  *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012);

10   *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005).  Plaintiff seeks compensatory and

11   punitive damages.[5]

12          Defendants seek judgment in their favor.

13   **V.          Points of Law**

14                      **A.    Section 1983**

15          The Civil Rights Act under which this action was filed provides:

16

17          Every person who, under color of [state law] . . . subjects, or causes to be subjected,
            any citizen of the United States . . . to the deprivation of any rights, privileges, or
            immunities secured by the Constitution . . . shall be liable to the party injured in an
18          action at law, suit in equity, or other proper proceeding for redress.

19   42 U.S.C. § 1983.

20          Section 1983 provides a cause of action for the violation of Plaintiff's constitutional by

21   persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009);

22   *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d

23

24   ────────────────
     [3] The parties may file motions in limine, addressed in section XVIII, and/or object to the introduction of evidence at
     trial.

25
     [4] Defendants assert the document contains hearsay and is subject to the official information privilege.  If Defendants
26   are referring to the safety/enemy concerns chrono authored by Lt. Baker, the Court previously ruled that the document
     was admissible under Fed. R. Evid. 803(6), and the official information privilege is invoked to prevent disclosure in
27   discovery.  *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).   (Docs. 41, 44, 64.)  However,
     Defendants are not precluded from filing a motion in limine or objecting at trial to the admissibility of evidence.

28   [5] Plaintiff is not confined to the damages amount identified in his complaint.  Fed. R. Civ. P. 54(c).

                                                                4

930, 934 (9th Cir. 2002).  To prevail on his claim, Plaintiff must demonstrate a link between actions or omissions of Defendants and the violation of his Eighth Amendment rights; there is no *respondeat superior* liability under section 1983.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

## B.   **Eighth Amendment Claims**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  *E.g., Farmer*, 511 U.S. at 847; *Thomas*, 611 F.3d at 1151-52; *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Deliberate indifference is shown  where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.  Prison officials' duty under the Eighth Amendment is to ensure reasonable safety, and prison officials may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.  *Farmer*, 511 U.S. at 847 (quotation marks and citations omitted).

///

### C.     Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence.  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008).  The jury must find that Defendants' conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986).  Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages.  *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).

### D.     Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony.  Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait.  Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  *Id.*

## VI.     Abandoned Issues

Plaintiff's claims against Defendants Hense, Trevino, and Glenn, and Plaintiff's retaliation, due process, equal protection, and supervisory liability claims were dismissed at the pleading stage for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

## VII.     Witnesses

**The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

### A.     Plaintiff's Witness List

1.     Plaintiff Keith Page

**B.      Defendants' Witness List**[6]

1.      Defendant Andrew Lopez

2.      Defendant Michael Ramirez

3.      Robert Borg, expert witness

4.      Marvin Jones, CDCR #V-80342 (currently on parole)

5.      Lieutenant K. Baker

6.      Licensed Vocational Nurse Palermo

7.      A. Austria, M.D.

8.      Mike Rocha, Appeals Coordinator

9.      Captain Dale Drakebill

10.     Officer Ferrante

11.     Sergeant Knight

12.     Lieutenant Sol Sanchez

13.     Custodian of Records[7]

**VIII.      Exhibits**

**The following is a list of documents or other exhibits that the parties expect to offer at trial.   NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."   Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

**A.      Plaintiff's Exhibits**

1.      California Department of Corrections and Rehabilitation, Code of Regulations (California Code of Regulations, Title 15, sections unspecified)

---

[6] Defendants are not required to call all of the witnesses they listed.  However, as is the Court's general practice in cases such as this, witnesses the defense plans to call shall be present on September 24, 2013, by 9:30 a.m. and shall be available for Plaintiff to call for direct examination.

[7] Defendants may have the custodian of records authenticate the documents by written declaration to avoid undue expense, if they are willing to stipulate to the authenticity of any CDCR documents from Plaintiff's central and medical files that Plaintiff intends to offer at trial.  If they are unwilling to stipulate, the custodian of records shall appear at trial and shall be available for Plaintiff to call.  (The documents may still be objected to on other grounds.)

2.      CDC-128-B Chrono by Defendant Michael Ramirez, dated March 10, 2009

3.      Plaintiff Keith Page's testimony[8]

4.      Safety/Enemy Concerns Chrono by Lt. K. Baker, dated March 26, 2009

5.      Memorandum decision of Chief Deputy Warden C. Gipson, dated July 17, 2009, partially granting Plaintiff's inmate appeal at the second level of review

6.      Medical report of injuries sustained on March 22, 2009

7.      Mental health treatment records

8.      Requests for admission

## B.      Defendants' Exhibits

1.      Form 128-B Chrono, dated March 10, 2009

2.      Diagram of North Kern State Prison, Building A-2, first floor

3.      Photographs of North Kern State Prison, Building A-2, first floor

4.      Form 7219 Report of Injury for Plaintiff, dated March 22, 2009

5.      Medical records for Plaintiff dated March 22, 2009 (Progress Notes, Emergency Care Flow Sheet, and First Responder Data Collection Tool)

## IX.      Discovery Documents to be Used at Trial

Defendants may use Plaintiff's deposition transcript and discovery responses for impeachment purposes.

## X.      Further Discovery or Motions

None, other than motions in limine.

## XI.      Stipulations

None.

## XII.      Amendments/Dismissals

None.[9]

---

[8] It is unclear if Plaintiff is referring to his deposition transcript or his trial testimony, as trial testimony is not an exhibit.

[9] As previously noted, Plaintiff's claims against Defendants Hense, Trevino, and Glenn, and Plaintiff's retaliation, due process, equal protection, and supervisory liability claims were dismissed at the pleading stage for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

**XIII.**         **Settlement Negotiations**

The parties participated in a settlement conference before U.S. Magistrate Jennifer L. Thurston on July 30, 2013, but the case did not settle.

**XIV.**         **Agreed Statement**

None.

**XV.**         **Separate Trial of Issues**

The punitive damages phase, if any, will be bifurcated.

**XVI.**         **Impartial Experts – Limitation of Experts**

None.

**XVII.**         **Attorney's Fees**

None.

**XVIII.**         **Further Trial Preparation**

A.         **Telephonic Trial Confirmation Hearing**

A telephonic trial confirmation hearing is set for September 3, 2013, at 3:00 p.m. Defendants' counsel shall arrange for telephone contact with Plaintiff and shall initiate the call to (559) 499-5669.  **If Plaintiff has not done so already, he is required to provide Defendants' counsel with a phone number at which he may be reached.**

At the telephonic hearing, the Court will address any pretrial matter raised by the parties.

B.         **Motions In Limine Hearing and Briefing Schedule**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area.  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted).  In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury.  *Id.* at 1111-12 (quotation marks omitted).

Any motions in limine must be served on the other party, and filed with the Court, by August 27, 2013.  Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

1  Any opposition to a motion in limine must be served on the other party, and filed with the
2  Court, by September 17, 2013.

3  If any party files a motion in limine, the Court will hear and decide such motions on the
4  morning of trial at 8:30 a.m.

5  Whether or not a party files a motion in limine, that party may still object to the
6  introduction of evidence during the trial.

7  **C.      Duty of Counsel to Pre-Mark Exhibits**

8  The parties are ordered to meet and confer no later than September 10, 2013, for purpose
9  of pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with
10 numbers preceded by the designation JT (e.g., JTX-1, JTX-2).  All of Plaintiff's exhibits shall be
11 pre-marked with numbers (e.g., PX-1, PX-2, etc.).  All of Defendants' exhibits shall be pre-
12 marked with letters (e.g., PX-A, PX-B, etc.).

13 1.      Defendants' counsel shall create four (4) complete, legible sets of exhibits in
14 binders as follows:

15 (a)      Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff by
16 September 17, 2013, one for use by the Courtroom Clerk and the other for the Court; and

17 (b)      One set for each counsel's own use.

18 If the parties desire, they may have a fifth set of binders to be used for the
19 purposes of questioning witnesses.

20 2.      Defendants' counsel and Plaintiff shall meet and confer and make the following
21 determination with respect to each proposed exhibit to be introduced into evidence and
22 Defendants' counsel shall prepare separate indexes - one listing joint exhibits, and one listing each
23 party's separate exhibits as follows:

24 (a)      Duplicate exhibits (i.e., documents which both sides desire to introduce into
25 evidence) shall be marked as a joint exhibit and numbered as directed above (e.g., JTX-1).  Joint
26 exhibits shall be listed on a separate index and shall be admitted into evidence on the motion of
27 any party without further foundation.

28 ///

10

(b)      Exhibits that are not jointly offered and to which there is no objection to introduction shall likewise be appropriately marked (e.g., PX-1 or DX-A) and shall be listed in the offering party's index in a column entitled "Admitted In Evidence."   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c)      Those exhibits to which the only objection is a lack of foundation shall be marked appropriately (e.g., PX-2 - For Identification, or DX-B - For Identification) and shall be indexed in a column entitled "Objection Foundation."

(d)      Remaining exhibits to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately (e.g., PX-3 - For Identification or DX-C - For Identification) and shall be indexed in a third column entitled "Other Objection" on the offering party's index.

3.    Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The Court has no objection to counsel using copies.  However, the copies must be legible.  If any document offered into evidence is partially illegible, the Court may *sua sponte* exclude it from evidence.

**D.      Discovery Documents**

None were identified for use at trial, although Defendants may use Plaintiff's deposition transcript and/or discovery responses for impeachment purposes.

**E.      Trial Briefs**

The parties are directed to file and serve their trial briefs by September 17, 2013.  Local Rule 285.  The parties need not include in the trial brief any issue that is adequately addressed in a

motion in limine or in an opposition brief to a motion in limine.  Any response to a trial brief shall be filed and served by September 17, 2013.

### F.     Voir Dire

The parties shall file and serve proposed voir dire questions, if any, by September 17, 2013.

Further, in order to aid the Court in the proper voir dire examination of the prospective jurors, counsel should lodge with the Court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The purpose of the lists is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

### G.     Agreed Summary Of The Case

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly outlining the positions of the parties, by September 17, 2013.  The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process.  The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

### H.     Proposed Jury Instructions

The parties shall file and serve proposed jury instructions by September 17, 2013.

All proposed jury instructions shall be in duplicate.  One set shall indicate the party proposing the instruction, with each instruction numbered or lettered, shall cite supporting authority, and shall include the customary "Given, Given as Modified, or Refused," showing the Court's action with regard to each instruction.  The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, instruction number or letter, supporting authority, or reference to the Court's disposition of the proposed instruction.

The parties are ordered to confer after the trial confirmation hearing to determine which instructions they agree should be given.  As soon as possible thereafter, the parties shall submit a

///

list of joint, unopposed instructions.  As to those instructions to which the parties dispute, the Court will conduct its jury instruction conference during trial at a convenient time.

### I.     Proposed Verdict Form

The parties shall file and serve a proposed verdict form by 4:00 p.m. on September 17, 2013.

### J.     Use Of Videotape and Computers

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk by September 17, 2013.  If a written transcript of audible words on the tape is available, the Court requests that the transcript be lodged with the Court, solely for the aid of the Court.

If Defendants' counsel intends to use a laptop computer for presentation of evidence, he or she shall contact the Courtroom Clerk at least one week prior to trial.  The Courtroom Clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the Court's audio/visual equipment.  If Defendants' counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

### K.     Morning Conferences During Trial

During the trial, it is the obligation of counsel to meet with the Court each morning to advise the Court and the opposing side which documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The Court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the Court will rule as requested upon the receipt of such testimony.

The Court shall consider any other legal matter at morning conferences as well.  The Court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

///

**L.      Order Of Witnesses**

In order to make the trial operate efficiently and smoothly, counsel have the continuing obligation to advise the opposing side as to which witnesses he or she intends to call at each trial session.

**XIX.      Rules of Conduct During Trial**

**A.      General Rules**

1.      All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

2.      All oral presentations shall be made from the podium, unless otherwise permitted by the Court.

3.      Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4.      Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

**B.      Jury Selection**

1.      The Court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the Court has concluded its questioning of the jury panel.  In some circumstances, the Court may allow brief direct questioning by counsel.

**C.      Opening Statements**

1.      Counsel may use visual aids in presenting the opening statement.  However, any proposed visual aids shall be shown to opposing counsel before opening statement.

**D.      Case in Chief**

1.      Counsel shall have his or her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2.      At the close of each trial day, counsel shall disclose his or her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

14

### E.    Witnesses

1.    Before approaching a witness, counsel shall secure leave of Court to approach the witness.

2.    Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

### F.    Exhibits

1.    All exhibits shall be marked and identified in accordance with the instructions in the pretrial order.

2.    An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of Court to publish the exhibit.

3.    The Court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

### G.    Objections

1.    No speaking objections or arguments are permitted in the presence of the jury.  Counsel shall state the specific legal ground(s) for the objection, and the Court will rule based upon the ground(s) stated.  The Court will permit counsel to argue the matter at the next recess.

2.    The Court will not assume that any objection made also implies with it a motion to strike an answer that has been given.  Therefore, counsel who has made an objection and who wishes to also have an answer stricken must specifically move to strike the answer.

### H.    Closing Argument

1.    Counsel may use visual aids in presenting the closing argument.  However, any proposed visual aids shall be shown to opposing counsel before closing argument.

## XX.    Objections to Pretrial Order

Any party may file and serve written objections to any of the provisions of this order on or before **August 27, 2013**.  Such objections shall specify the requested modifications, corrections, additions or deletions.  The parties may also raise any objections at the telephonic trial confirmation hearing set for September 3, 2013.

///

**XXI.**         <u>**Miscellaneous Matters**</u>

None.

***

<u>FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER</u>.

IT IS SO ORDERED.

Dated:   August 16, 2013

SENIOR  DISTRICT  JUDGE