# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PAGE, | Case No. 1:10-cv-01186-AWI-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF ORDER SETTING ASIDE ADMISSIONS |
| v. | |
| LYDIA C. HENSE, et al., | (Docs. 67 and 71) |
| Defendants. | |
| _____/ | |

## I.     Background

Plaintiff Keith Page, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 1, 2010.  This action for damages is proceeding against Defendants Ramirez and Lopez for acting with deliberate indifference to a substantial risk of harm to Plaintiff's safety, in violation of the Eighth Amendment of the United States Constitution.  This case is set for jury trial on September 24, 2013.

On August 12, 2013, Plaintiff filed a motion seeking reconsideration of the order granting Defendants' motion to set aside their admissions, and on August 21, 2013, Plaintiff filed a second motion for reconsideration.  The Court issued an order shortening time to oppose the motions and on August 29, 2013, Defendants filed an opposition.  Plaintiff filed a reply on September 5, 2013, and the motions have been submitted upon the record.  Local Rule 230(*l*).

///

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id.* (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); *see also In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

## III.     Discussion

### A.     Order Setting Aside Setting Aside Admissions

The Court may, upon motion, permit admissions to be withdrawn, and Defendants moved to have their admissions withdrawn. Fed. R. Civ. 36(b). District courts are permitted "to exercise [their] discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action of defense on the merits." *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir.

2007) (internal quotation marks and citations omitted). Rule 36(a) serves "two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Conlon*, 474 F.3d at 622. Both factors must be considered in resolving a motion to withdraw admissions. *Id.*

In this instance, the Court found that withdrawal of the admissions "would promote the presentation of the merits of the action," Fed. R. Civ. P. 36(b); *Conlon*, 474 F.3d at 621-22; *Hadley*, 45 F.3d at 1348, and that Plaintiff failed to meet his burden of establishing prejudice by the withdrawal of the admissions, *Conlon*, 474 F.3d at 622.

### B.     First Motion for Reconsideration

In his first motion for reconsideration, Plaintiff argues that he is prejudiced by the withdrawal of the admissions because he relied upon them and did not seek additional discovery. (Doc. 67, p. 3 ¶8.) This argument was not raised in the opposition to Defendants' motion to set aside the admissions, but regardless, the deadline for the completion of all discovery was May 21, 2012. (Doc. 24.) By stipulation, the deadline for Defendants to serve their responses to Plaintiff's requests for admission was extended from May 17, 2012, to June 18, 2012. (Doc. 27, p. 52.) Plaintiff could not have relied on the admissions in determining what further discovery to pursue because, save for the requests for admission themselves, discovery was closed. While Plaintiff relied upon the admissions in moving for summary judgment, neither relying on admissions to move for summary judgment nor having to litigate on the merits constitutes prejudice, as discussed in the underlying order. *Conlon*, 474 F.3d at 622, 624.

### C.     Second Motion for Reconsideration

In his second motion, Plaintiff again argues that he is prejudiced by withdrawal of the admissions because he did not seek additional discovery and because it affected documents and his "need" to subpoena "key" unincarcerated witnesses. (Doc. 71, p. 3, ¶¶6, 8.)

As set forth above, discovery was not affected by the failure to respond to the admissions.

With respect to witnesses, the deadline for Plaintiff to notify the Court of the names and locations of any un-incarcerated witnesses that he desired to subpoena was June 5, 2013, and the deadline to submit money orders for service of subpoenas by the Marshal was August 5, 2013.

///

(Doc. 45.)  Plaintiff did not meet either deadline and he fails to demonstrate how the withdrawal of the admissions conceivably prejudiced him with respect to his trial witnesses.

In his reply, Plaintiff argues that he relied on the admissions in determining that he did not need witnesses to prove his case, but this argument is unpersuasive.  The admissions established only the liability of Defendant Ramirez, leaving Plaintiff's claim against Defendant Lopez and damages against both as trial issues.  Plaintiff's contention that he needs trial witnesses for his claim against Defendant Ramirez but he did not need any trial witnesses for his claim against Defendant Lopez is simply untenable.

**IV.   Order**

The Court finds that Plaintiff did not meet his burden as the party moving for reconsideration and his motions are HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   September 6, 2013               _____
                                          SENIOR DISTRICT JUDGE

4